UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

K&N TRUCKING, INC.,

        Plaintiff,

v.                                                              Case No.: 8:16-cv-3087-T-24 AEP

FOUNDATION XPRESS, LLC,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Costs and Attorneys' Fees. (Doc. No. 46).  As explained below, the motion is granted.

**I.  Background**

Plaintiff filed suit against Defendant on November 1, 2016, asserting claims for violations of the Truth in Leasing Act (Counts I and II), as well as a claim for breach of contract (Count III).  (Doc. No.1 ).  Plaintiff alleged that Defendant failed to properly compensate it and made unlawful deductions from the compensation it owed to Plaintiff.  (Doc. No. 1).  In response, Defendant filed an answer and counterclaim for breach of two contracts.  (Doc. No. 8).

On October 23, 2017, Defendant's counsel withdrew from this case, and the Court gave Defendant thirty days to obtain new counsel.  (Doc. No. 32).  Defendant failed to obtain new counsel, and Plaintiff moved for entry of default against Defendant, because a limited liability company must appear through counsel.  (Doc. No. 34).  The Clerk entered default against Defendant.  (Doc. No. 35).  On January 30, 2018, the Court dismissed Defendant's counterclaim for lack of prosecution.  (Doc. No. 39).

Thereafter, Plaintiff moved for default judgment.  (Doc. No. 38).  The Court held a

hearing on the motion and then granted default judgment in the amount of $61,237.41. The

Court retained jurisdiction to determine the issues of attorneys' fees and costs.

## II.  Motion for Costs

Plaintiff seeks costs in the amount of $400 for the filing fee it paid.  Pursuant to 28

U.S.C. § 1920(1), this cost is taxable.  Accordingly, the Court awards Plaintiff $400 in costs.

## III.  Motion for Attorneys' Fees

Since the Court has granted judgment for Plaintiff on its claims for violations of the Truth

in Leasing Act, brought pursuant to 49 U.S.C. § 14704(a)(2), Plaintiff is entitled to attorneys'

fees, pursuant to 49 U.S.C. § 14704(e).  Plaintiff seeks $35,556 in attorneys' fees.  Before

awarding attorneys' fees, the Court must determine if the amount requested is reasonable.

The starting point in determining reasonable attorneys' fees is the lodestar, which is

properly calculated by multiplying the number of hours reasonably expended on the litigation

times a reasonable hourly rate.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292,

1299 (11th Cir. 1988)(citation omitted).  Furthermore, "[t]he fee applicant bears the burden of

establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303

(citation omitted).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and

reputation." Id. at 1299 (citations omitted).   An applicant may meet its burden of establishing a

reasonably hourly rate by setting forth direct evidence of rates charged under similar

circumstances or submitting opinion evidence of reasonable rates. See id.  In addition, the Court

may use its own expertise and judgment to make an appropriate independent assessment of the

reasonable value of an attorney's services.  See id. at 1304.  In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims.  See id. at 1301, 1302 (citation omitted).

Plaintiff's request for attorneys' fees is based upon the following: Plaintiff seeks attorneys' fees in the amount of $5,325 for the work performed by Brian Mathis, Esq.  Mathis is partner at his law firm with 10 years of legal experience.  Mathis performed 21.3 hours of work at a rate of $250 per hour.

Plaintiff also seeks attorneys' fees in the amount of $24,625 for the work performed by Joseph Parrish, Jr., Esq.  Parrish is an associate at his law firm with over 6 years of legal experience.  Parrish performed 98.5 hours of work at a rate of $250 per hour.[1]

Plaintiff also seeks attorneys' fees in the amount of $1,443 for the work performed by Madison Bulman, Esq.  Bulman performed work as a law clerk prior to being admitted to the bar. Bulman performed 7.8 hours of work at a rate of $185 per hour.

Plaintiff also seeks fees in the amount of $609.50 for the work performed by Jo Kirkland.  Kirkland is a certified paralegal with over 30 years of experience.  She performed 5.3 hours of work at a rate of $115 per hour.[2]

Plaintiff also seeks fees in the amount of $3,553.50 for the work performed by Carole Brown.  Brown is a paralegal with over 5 years of experience.  She performed 30.9 hours of

---

[1]The Court totaled 98.5 hours of work for Parrish, rather than the 98.6 hours listed.

[2]The Court totaled 5.3 hours of work for Kirkland, rather than the 5 hours listed, due to the October 27, 2016 time entry.

work at a rate of $115 per hour.

Upon review, the Court concludes that the hourly rates listed above are reasonable and reflect the prevailing market rate in the relevant legal community for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation. Furthermore, the Court has reviewed the billing records submitted by Plaintiff and finds that the time expended was reasonable. (Doc. No. 46-1). Accordingly, the loadstar calculation results in attorneys' fees of $35,556. [3]

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion for Costs and Attorneys' Fees (Doc. No. 46) is **GRANTED**.

(2)     The Clerk is directed to enter an amended judgment as follows:

(a)     Plaintiff is awarded damages in the total amount of $61,237.41 for Counts I, II, and II.

(b)     Plaintiff is awarded $400 in costs.

(c)     Plaintiff is awarded $35,556 in attorneys' fees.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of February, 2018.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Defendant Foundation Xpress, LLC, 821 Dawsonville Hwy, Suite 250-369, Gainsville, GA 30501

---

[3]The Court has also considered the 12 Johnson factors. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).